# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES E. THORNTON, #Y19115,    )
    )
                           **Plaintiff,**    )
    )
      **vs.**    )      **Case No. 20-cv-01100-SMY**
    )
ROB JEFFREYS,    )
ANTHONY WILLS,    )
JOHN DOE 1,    )
JANE DOE 1, and    )
JANE DOE 2,[1]    )
    )
                   **Defendants.**    )

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Charles E. Thornton, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center ("Menard"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Following preliminary review under 28 U.S.C. § 1915A, Plaintiff's Complaint was dismissed for failure to state a claim for relief. (Doc. 10). He was granted leave to file a First Amended Complaint, which is now before the Court for review under § 1915A. Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The First Amended Complaint

Plaintiff makes the following allegations in his First Amended Complaint (Doc. 15): Plaintiff suffers from nerve pain as a result of bullet fragments lodged in his neck. He has been

---

[1] Plaintiff identified Jeffreys as Defendant 1, Wills as Defendant 2 and the Doe Defendants as John Doe 3, Jane Doe 4, and Jane Doe 5. The Court will refer to John Doe 3 as John Doe 1, Jane Doe 3 as Jane Doe 1, and Jane Doe 5 as Jane Doe 2.

incarcerated at Menard since 2017 and has four pending lawsuits against prison staff that were filed in 2017, 2019 and 2020.  He also has three pending grievances against prison staff submitted in 2019 and 2020.

Plaintiff was relocated to a cell in the North 2 cell house by John Doe 1 on May 12, 2020. The cell was shockingly small.  Plaintiff complained to John Doe 1 about the size of the cell and about being double-celled.  John Doe 1 became irate and told Plaintiff to go in the cell or go back to segregation.  John Doe 1 threatened to give Plaintiff a disciplinary ticket if he did go in the cell.

There is inadequate space in the cell for two inmates.  Plaintiff is unable to exercise which causes him pain due to his pre-existing medical condition.  The stresses of living in a cramped space and the decline in Plaintiff's physical condition have caused a deterioration in his mental health.  Plaintiff informed his assigned mental health professional, Jane Doe 1, and assigned psychiatrist, Jane Doe 2, that being double-celled in an inadequate living space was having a negative psychological effect on him.  They increased his psychotropic medications, but otherwise ignored his complaints and refused to assist him in his efforts to be moved out of the cell.

Plaintiff also complained to Menard Warden Anthony Wills about the inadequate cell space when the Warden was touring the housing unit on August 14, 2020.  Warden Wills told Plaintiff there was nothing wrong with the cell size.

Plaintiff filed a grievance on August 16, 2020 in which he complained about being double-celled in an in adequate living space and stated it was harming his physical, mental, and emotional well-being.  He did not receive a response to his grievance.  Plaintiff mailed a copy of the grievance to IDOC Director Rob Jeffreys and did not receive a response.  He subsequently filed an emergency grievance on the issue and the warden denied expedited review.

Based on the allegations in the First Amended Complaint, the Court designates the

following claims in this *pro se* action:

Count 1:     Eighth Amendment claim against Jeffreys, Wills, John Doe 1, Jane Doe 1, and Jane Doe 2 for unconstitutional conditions of confinement.

Count 2:     Eighth Amendment claim against Jeffreys, Wills, John Doe 1, Jane Doe 1, and Jane Doe 2 for deliberate indifference to Plaintiff's serious medical needs by refusing to move Plaintiff from a cell that was causing a decline in Plaintiff's physical and mental health and failing to provide adequate mental health treatment.

Count 3:     First Amendment claim Jeffreys, Wills, John Doe 1, Jane Doe 1, and Jane Doe 2 for retaliating against Plaintiff for filing grievances and lawsuits complaining about his conditions of confinement.

Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## Discussion

### Count 1

Prison conditions that deprive inmates of basic human needs—food, medical care, sanitation, or physical safety—may violate the Eighth Amendment. *James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992).  Plaintiff's allegations are sufficient to proceed on the unconstitutional conditions of confinement claim in Count 1 against Jeffreys, Wills, John Doe 1, Jane Doe 1, and Jane Doe 2.  *See Delaney v. DeTella*, 256 F.3d 679, 683-84 (7th Cir. 2001) (lack of exercise may rise to a constitutional violation where movement is denied to the point that the inmate's health is threatened).

### Count 2

Prison officials and medical staff violate the Eight Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state a claim, a prisoner must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* "[D]eliberate indifference may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or turns a blind eye to it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015).

The allegations in the First Amended Complaint are sufficient to proceed on the deliberate indifference claim in Count 2 against Jeffreys, Wills, Jane Doe 1, and Jane Doe 2. However, the claim will be dismissed as to John Doe 1 because there are no allegations that he denied Plaintiff medical or mental health care or that he was aware of Plaintiff's medical or mental health issues and was in a position to rectify the situation.

**Count 3**

Prison officials may not retaliate against inmates for filing grievances, exercising First Amendment rights, or otherwise complaining about their conditions of confinement. *See, e.g., Gomez v. Randle,* 680 F.3d 859, 866 (7th Cir. 2012). To state a retaliation claim, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014). "A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (citation omitted). At this stage, Plaintiff states a plausible retaliation claim in Count 3 against Jeffreys, Wills, John Doe 1, Jane Doe 1, and Jane Doe 2.

**Injunctive Relief**

The First Amended Complaint includes a request for injunctive relief and Plaintiff has filed a separate motion for injunctive relief.  Anthony Wills, in his official capacity as the Warden of Menard Correctional Center, is a proper defendant for that claim.  *See Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (holding warden is proper defendant for injunctive relief claim as he would be responsible for ensuring that any injunctive relief would be carried out).

**Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 13)**

Plaintiff filed a motion for temporary restraining order ("TRO") or preliminary injunction seeking an order that he not be double-celled while housed in the North 2 cell house or that he be relocated to a larger cell.  A temporary restraining order ("TRO") lasting no more than 14 days can be issued without notice to the party to be enjoined.  FED. R. CIV. P. 65(b)(2).  However, a TRO may be issued only if "specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  FED. R. CIV. P. 65(b)(1)(A).  The same legal analysis is employed to determine whether a TRO or a preliminary injunction is warranted.  Specifically, "a plaintiff must show that: (1) without this relief, [he] will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) [he] has some likelihood of prevailing on the merits of [his] claims." *Speech First, Inc. v. Killeen*, 968 F.3d 628, 637 (7th Cir. 2020) (internal citation and quotation marks omitted).  A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that a plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (internal citation omitted).

Plaintiff has not established that injunctive relief is necessary before the adverse party can be heard on the matter.  As such, his request for a TRO will be denied.  A ruling on his request for

a preliminary injunction is deferred.  Defendants shall file a response to the motion within thirty (30) days of service.

## **Disposition**

The claims in **COUNTS 1** and **3 WILL PROCEED** against **ROB JEFFREYS, ANTHONY WILLS, JOHN DOE 1, JANE DOE 1,** and **JANE DOE 2**.  The claim in **COUNT 2 WILL PROCEED** against **JEFFREYS, WILLS, JANE DOE 1,** and **JANE DOE 2** but is **DISMISSED** without prejudice as to **JOHN DOE 1**.

The docket shall reflect that there is an official capacity claim against Anthony Wills, Warden of Menard Correctional Center, with regard to Plaintiff's claim for injunctive relief.  The Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 13) is **DENIED** as to the request for a TRO.  A ruling on the request for a preliminary injunction is **DEFERRED** and Defendants are **ORDERED** to file a response to the request within thirty days of service.

The Clerk of Court shall prepare for Rob Jeffreys, Anthony Wills (individual and official capacities) and, once identified, John Doe 1, Jane Doe 1, and Jane Doe 2: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the

Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on the Doe Defendants until such time as Plaintiff has identified them by name in a properly filed motion for substitution of party.  Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for these individuals.

Defendants are **ORDERED** to file an appropriate responsive pleading to the First Amended Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

Finally, based on the allegations in the First Amended Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  November 18, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your First Amended Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your First Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.