IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES E. THORNTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-CV-1100-SMY-RJD |
| | ) |
| ROB JEFFREYS et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Reona J. Daly ("Report") (Doc. 109), recommending that Defendants Jeffreys and Wills' Motion for Summary Judgment on the Issue of Exhaustion (Doc. 43) be granted and that this action be dismissed without prejudice. After numerous extensions, Plaintiff filed an untimely objection (Doc. 124). For the following reasons, the Court **ADOPTS** the Report and Recommendation.

### Background

In this case, Plaintiff asserts claims for unconstitutional conditions of confinement, deliberate indifference to serious medical needs, and retaliation. He alleges that he was double celled in what was a one-man cell and as a result of the inadequate space, suffered physical and mental injury. Defendants Jeffreys and Wills move for summary judgment on the basis that Plaintiff failed to exhaust his administrative remedies prior to filing suit.

Pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Magistrate Judge Reona J. Daly held an evidentiary hearing on Defendants' motion and issued the Report and Recommendation

currently before the Court. Based upon the evidence presented, Judge Daly concluded that Plaintiff failed to exhaust his administrative remedies. Specifically, Judge Daly found that Plaintiff did not properly exhaust his August 29, 2020 grievance, which he pursued on an emergency basis. Plaintiff acknowledges having received the CAO's denial of expedited review and concedes that he took no further action on the grievance. While Plaintiff alleges that he filed a separate grievance on August 16, 2020, Judge Daly found that Plaintiff's testimony in that regard lacked credibility and that there was no supporting documentary evidence of him having filed a separate grievance. Based upon the evidence presented, Judge Daly concluded that Plaintiff failed to exhaust his administrative remedies and recommends that the Court grant Defendants' motion and dismiss the claims in Counts 1, 2, and 3 against Defendants Rob Jeffreys, Anthony Wills, Maynard Agne, S. Buettner, and Thena Potete, and this case in its entirety, without prejudice.

## Discussion

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may accept, reject, or modify the magistrate judge's recommended decision. *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all evidence contained in the record and give fresh consideration to those issues to which specific objections have been made. *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* 3076.8, at p. 55 (1st Ed. 1973) (1992 Pocket Part). However, if timely specific objections to the Report are not made, the Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140

(1985).

Here, Plaintiff filed an untimely objection to the Report in which he argues that the Court weighed evidence instead of simply determining whether a genuine issue of material fact existed, and the defendants that did not move for summary judgment should not also be dismissed.

Judge Daly properly conducted an evidentiary hearing, assessed the credibility of witnesses, weighed all evidence presented, and made findings of fact. *See Pavey*, 544 F.3d at 742. The Court finds her factual findings and rationale to be sound – it is apparent that Plaintiff did not fully exhaust his administrative remedies prior to filing suit. Consequently, the case must be dismissed.

Additionally, a court may *sua sponte* enter summary judgment in favor of additional nonmoving defendants if they are in a position similar to that of the moving defendants and the motion made by the moving defendants is equally effective in barring the claim against the nonmoving defendants. *See Bonny v. The Society of Lloyd's,* 3 F.3d 156, 162 (7th Cir.1993), *Rosser v. Chrysler Corp.,* 864 F.2d 1299, 1304 (7th Cir.1988); *Malak v. Associated Physicians, Inc.*, 784 F.2d 277, 280 (7th Cir. 1986); *Riley v. Gardner*, no. 12-671-GPM, 2013 WL 3124386, at *3-4 (S.D. Ill. June 19, 2013). Judge Daly concluded that since Plaintiff was unable to provide evidence of any other relevant exhausted grievances, the claims asserted against Defendants Maynard Agne, S. Buettner, and Thena Potete are also barred. This Court agrees; Plaintiff's failure to exhaust administrative remedies is fatal to his claims against these defendants as well.

## Conclusion

The Court **ADOPTS** Magistrate Judge Daly's Report and Recommendation (Doc. 109) in its entirety. This case is **DISMISSED** without prejudice for failure to exhaust administrative

remedies.  The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  June 24, 2022**

**STACI M. YANDLE**
**United States District Judge**